pin tumbler or cylinder construction, not over 1½ inches in width, similar in all material respects to those the subject of *Shriro Trading Corp.* v. *United States* (56 Cust. Ct. 422, C.D. 2669) ; and that the items of merchandise marked "B," invoiced as brass pushlocks No. 106, are neither cabinet locks nor padlocks but consist of other locks not of pin tumbler or cylinder construction, composed in chief value of brass, the claims of the plaintiff were sustained.

BEFORE THE THIRD DIVISION, NOVEMBER 6, 1967

**No. P67/388.**—United China & Glass Co. *v.* United States, protest 65/12475 (Portland, Oreg.)

**No. P67/389.**—W. Kay Co., Inc. *v.* United States, protest 66/41267 (New York).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of cups and saucers similar in all material respects to those the subject of *W. Kay Company, Inc.* v. *United States* (53 Cust. Ct. 130, C.D. 2484), the claim of the plaintiffs was sustained.

**No. P67/390.**—W. Kay Co., Inc. *v.* United States, protest 66/36454 (New York).

**No. P67/391.**—Ucagco, Inc., et al. *v.* United States, protests 59/15775, etc. (Boston).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of cups and saucers similar in all material respects to those the subject of *W. Kay Company, Inc.* v. *United States* (53 Cust. Ct. 130, C.D. 2484), the claim of the plaintiffs was sustained.

**No. P67/392.**—F. F. Straus *v.* United States, protests 59/31810 and 60/13993 (Los Angeles).

LANDIS, J.   In accordance with stipulation of counsel that the merchandise covered by the foregoing protests consists of china figurines similar in all material respects to the figurines the subject of *Wm. S. Pitcairn Corp.* v. *United States* (39 CCPA 15, C.A.D. 458), and *F. F. Straus and Perryman, Mojonier Company* v. *United States* (38 Cust. Ct. 509, Abstract 60783), the claim of the plaintiff was sustained.